case came up in an agreed statement of facts. The landlord claimed a lien under the statute laws of Kentucky, which give the landlord a lien on the property of the tenant or sub-tenant on the leased premises for twelve months' rent, due or to become due. The assignee claimed that he had a right under the bankrupt act to surrender the lease, and that neither the assignee nor the bankrupt's estate were liable to pay the sum of four hundred and fifty-two dollars and fifty cents, claimed by the landlord.

BALLARD, District Judge. I am induced to the opinion that under the bankrupt act the landlord's right to rent against the bankrupt's estate expires on the day of the adjudication. If the assignee occupy the premises after that day, he, and not the estate, is liable for the rent. But, of course, when his occupancy is for the benefit of the estate, and is in fact beneficial, he will be credited by the rent which he is obliged to pay. In this case the rent should be paid to January thirteenth, eighteen hundred and seventy-two, and no longer.

===

## Case No. 17,316.

### In re WEBB.

[Decided by the supreme court of New York, Second District, October 22, 1862. See 10 Pittsb. Leg. J. 106.]

===

## Case No. 17,317.

### In re WEBB.

[4 Sawy. 326; 16 N. B. R. 258; 10 Chi. Leg. News, 27; 5 N. Y. Wkly. Dig. 174.] [1]

District Court, D. Nevada. Sept. 7, 1877.

BANKRUPTCY OF A PARTNER — JOINT CREDITOR — PROOF OF DEBT.

A joint creditor, in case of the separate bankruptcy of one member of the firm, has a right to prove his joint debt, and vote for assignee in the separate bankruptcy.

[In the matter of Watson T. Webb, a bankrupt.] Webb, at the time he was adjudged a bankrupt, was a member of the firm of Webb & Mallard. At the first meeting of his creditors the register permitted both joint creditors of Webb & Mallard and separate creditors of Webb to prove their debts and vote for assignee. But two votes were cast for assignee, one by a joint creditor for James Hood, and one by a separate creditor for A. H. Ricketts. The register declared a failure to elect, and, there being no opposition, appointed James Hood to be assignee. Exception was taken to the action of the register in allowing the joint creditor to prove and vote, and the point has been certified for decision. There is also an application on behalf of Ricketts for an order removing Hood and appointing him as assignee. The register certifies that the only assets surrendered are joint assets.

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 5 N. Y. Wkly. Dig. 174, contains only a partial report.]

Whitman & Wood, for petitioner.
James Hood, in person, opposed.

HILLYER, District Judge. Whether a joint creditor may prove his joint debt and vote for assignee, in case of the separate bankruptcy of one member of the firm, is the question to be decided. Under our present bankrupt law [14 Stat. 517], many important consequences result from the proof of a debt, or the having a provable debt. By section 5034 the choice of assignee is to be made by the "greater part in value and in number of the creditors who have proved their debts." If it can be shown, then, that the joint creditors have a right to prove their debts, it would seem to follow that they have a right to vote for assignee. While there are conflicting decisions as to the effect of such proof, so far as my search has gone, all agree that the joint creditors may prove their debts in the separate bankruptcy, under section 5067. That section allows "all debts due and payable from the bankrupt" to be "proved against the estate of the bankrupt." Section 6 of the bankrupt act of 1800 (2 Stat. 23) allowed the "creditors" of the bankrupt to prove their debts, and under this general designation of "creditors" it was the opinion of the supreme court that a joint creditor might prove his debt in a separate bankruptcy. Tucker v. Oxley, 5 Cranch [9 U. S.] 34. Speaking of the joint debt in that case, Marshall, C. J., says: "Although due from the company, yet it is also due from each member of the company." It was also held that a proviso, similar to our present section 5118, that "the discharge should not affect any person liable as partner with the bankrupt," while the act did provide for a discharge from all debts which were, or might have been, proved, removed all doubt as to the right of a joint creditor to prove against the estate of one partner in bankruptcy.

I should be content to rest my decision upon the language of the present bankrupt law and the authority of Tucker v. Oxley, but for the fact that the decisions under the existing law are not uniform.

It was held, directly, that the joint creditors could not vote for assignee in case of the separate bankruptcy of one partner. In re Purvis [Case No. 11,476]. Yet in that case the joint creditors had proved their debts, apparently without objection. In Wilkins v. Davis [Id. 17,664], Lowell, J., states the true rule to be that the joint creditors may prove and vote for assignee.

In the following cases the right of the partnership creditors to prove their debts in the separate bankruptcy is conceded: In re Frear [Case No. 5,074]; In re Pease [Id. 10,881]; U. S. v. Lewis [Id. 15,595]. But no question as to their right to vote for assignee arose.

There are a number of other cases which indirectly touch this question. They are those upon the effect of a discharge granted to one partner in his separate bankruptcy. The law is (section 5119) that "a discharge in bankruptcy, duly granted, shall * * * release the